```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```
CHRISTOPHER SHAPARD,                      **DECISION AND ORDER**
        Petitioner,               **No. 10-CV-06700(MAT)**

  -vs-

HAROLD GRAHAM,
SUPERINTENDENT

        Respondent.
_____

## I. Introduction

*Pro se* Petitioner Christopher Shapard("Petitioner") has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered July 16, 2007, in New York State, Supreme Court, Erie County (Hon. M. William Boller), convicting him, upon his plea of guilty, of Assault in the Second Degree (N.Y. Penal Law ("Penal Law") § 120.05[7]). Petitioner was sentenced to an indeterminate term of fifteen years to life imprisonment.

## II. Factual Background and Procedural History

On November 9, 2006, Petitioner was charged in a one-count indictment with assault in the second degree (Penal Law § 120.05[7]). The charge arose from an incident that occurred on or about June 7, 2005, wherein Petitioner, while incarcerated at the Wende Correctional Facility, assaulted Correction Officer

("C.O.") John Attea.  See Ind. No. 00178-2006 (11/09/06) at Resp't Ex. A.

On July 16, 2007, Petitioner appeared in Supreme Court, Erie County, before the Hon. Boller, and pleaded guilty to assault in the second degree.  On that same date, the People submitted a statement, pursuant to N.Y. Crim. Proc. Law ("C.P.L.") § 400.16, to sentence Petitioner as a persistent violent felony offender. Petitioner waived a presentence report, which was accepted by the court.  Thereafter, the court sentenced Petitioner, as promised, to an indeterminate term of fifteen years to life imprisonment.  See Plea and Sentencing Mins. of 07/16/07.

Petitioner appealed his judgment of conviction on the grounds that: (1) the court erred in refusing to waive his DNA databank fee; and (2) the sentence was unduly harsh and severe, or, in the alternative, he should be resentenced due to the court's failure to obtain a presentence report. See Pet'r Br. on Appeal, Points I-II at Resp't Ex. B.  The Appellate Division, Fourth Department ("the Appellate Division") unanimously modified the judgment by vacating the sentence and, as modified, affirmed the judgment and remitted the matter for resentencing.  The Appellate Division found that Petitioner's waiver of his right to a presentence report should not have been given effect pursuant to C.P.L. § 390.20(4)(a).  The appellate court found, in part, that "[s]uch a waiver is not authorized where, as here, an indeterminate or determinate sentence

of imprisonment is to be imposed." People v. Shapard, 59 A.D.3d 1054 (4th Dep't 2009) (internal citations omitted).

On April 9, 2009, Petitioner appeared in Supreme Court, Erie County, before the Hon. Boller for resentencing. Prior to re-sentencing, Petitioner moved to withdraw his guilty plea, arguing that waiving the presentence report was an essential element of the plea bargain, that this element induced him to plead guilty, and that had he known of the non-waiveable nature of the presentence report, he would have chosen to proceed to trial. See Resentencing Mins. of 04/09/09 [R.M.] 4-8. He also argued that he was innocent and that he was under duress at the time he entered the guilty plea. Id. at 8-10. The Court denied the motion. Id. at 11. The court adjudicated Petitioner a persistent violent felony offender, pursuant to C.P.L. § 400.16, and resentenced him to an indeterminate term of fifteen year to life imprisonment. Id. at 16.

Through counsel, Petitioner appealed the resentence on the grounds that: (1) the court abused its discretion in denying Petitioner's motion to withdraw his plea on the basis that the waiver of the presentence report was a negotiated part of the plea bargain; and (2) the sentence was unduly harsh and excessive and should be modified in the interest of justice. See Pet'r Br. on Appeal, Points I-II at Resp't Ex. B. In a *pro se* brief, Petitioner raised the following grounds: (1) that the trial court erred by

not addressing his *pro se* motion to dismiss the indictment at his arraignment; (2) the trial court erred by denying the omnibus motion filed by his defense counsel; (3) that he complied with the statutory requirement of C.P.L. § 190.50(5) and alerted the appropriate authorities of his desire to testify before the Grand Jury; and (4) that the trial court erred in ruling that he had waived his challenge to the indictment by his plea of guilt after denying his motion to withdraw his guilty plea.[1] See Pet'r *pro se* Br. on Appeal, Points One-Four at Resp't Ex. B.  The Appellate Division, Fourth Department unanimously affirmed the resentence. People v. Shapard, 74 A.D.3d 1808 (4th Dep't 2010); lv. denied, 15 N.Y.3d 809.

This habeas corpus petition followed, wherein Petitioner seeks relief on the following grounds: (1) deficiencies in the grand jury proceeding; and (2) that the trial court abused its discretion in denying his motion to withdraw his guilty plea.  See Pet. ¶ 12, Grounds One-Three (Dkt. No. 1); Reply (Dkt. No. 8).

For the reasons stated below, habeas relief is denied and the petition is dismissed.

---

[1] Petitioner also argued that the trial court should have permitted him to withdraw his plea for the reasons outlined in his counsel's brief and because "he was under heavy psychological duress which made his plea agreement irrational and unwilling." See Pet'r *pro se* Br. on Appeal at 17 at Resp't Ex. B.

**III. Analysis of Petitioner's Claims**

    **1.   Grounds One and Three of the Petitioner are Not Cognizable, and, In Any Event, Waived by the Guilty Plea**

At grounds one and three of the petition, Petitioner asserts various claims related to and involving the grand jury proceedings. In particular, he claims that he was denied his right to testify before the grand jury, that the trial court erroneously denied his motion to dismiss the indictment on the basis that the prosecution allegedly failed to furnish him with notice of the grand jury presentment, and that the grand jury was "deprived of hearing crucial evidence regarding [his] actual innocence and consequently it returned an indictment against [him]."[2] See Pet. ¶ 12, Grounds One, Three. These claims challenge various aspects of the grand jury proceeding and are therefore not cognizable by this Court on federal habeas review.

A jury conviction transforms any defect connected with the grand jury's charging decision into harmless error, because the trial conviction establishes probable cause to indict and also proof of guilt beyond a reasonable doubt. See, e.g., United States v. Mechanik, 475 U.S. 66, 68 (1986) ("The petit jury's verdict of guilty beyond a reasonable doubt demonstrates a fortiori

---

[2] The Court notes, as Respondent aptly points out, Petitioner raises this claim in his petition as a denial of "[his] right to the Equal Protection of the Law." Pet. ¶ 12, Ground Three at 7. However, the facts he cites in support of this claim are related to the grand jury presentment and the Court therefore construes the claim as a challenge to the grand jury proceedings.

that there was probable cause to charge the defendants with the offenses for which they were convicted. Therefore, the convictions must stand despite the [grand jury] rule violation."). In Lopez v. Riley, the Second Circuit relied on Mechanik, in holding that "[i]f federal grand jury rights are not cognizable on direct appeal where rendered harmless by a petit jury, similar claims concerning a state grand jury proceeding are a fortiori foreclosed in a collateral attack brought in federal court." Lopez v. Riley, 865 F.2d 30, 32 (2d Cir. 1989); see also Davis v. Mantello, 42 Fed. Appx. 488, 490-91 (2d Cir. 2002) ("Claims of deficiencies in state grand jury proceedings are not cognizable in a habeas corpus proceeding in federal court.") (citing cases), cert. denied, 538 U.S. 986 (2003); Bramble v. Smith, 96 Civ. 5905, 1998 U.S. Dist. LEXIS 10494, 1998 WL 395265 at *18 (S.D.N.Y. July 15, 1998) ("claims of error relating to state grand jury proceedings are not cognizable on federal collateral review.").

In his Reply, Petitioner contends that the aforementioned principles -- and the reasoning of Lopez, in particular -- do not apply to his case because he was not convicted upon a jury verdict, but rather a plea of guilty. See Reply at 3-4 (pages unnumbered in original). This argument fails. Courts in this Circuit have applied Lopez's rationale to guilty pleas. See, e.g., Ariola v. LaClair, No. 07-CV-57, 2008 U.S. Dist. LEXIS 109248, 2008 WL 2157131 at * 13 (N.D.N.Y. Feb. 20, 2008) ("Courts in this Circuit

have held that Lopez's reasoning applies equally to a conviction based on a plea of guilty and accordingly have held that a defendant's guilty plea cured any possible deficiency in the grand jury proceeding."), report & rec. adopted, 2008 WL 2157130 (N.D.N.Y. May 20, 2008); Alston v. Ricks, 01 Civ. 9862, 2003 U.S. Dist. LEXIS 38, 2003 WL 42144 at *7 (S.D.N.Y. Jan. 3, 2003) ("[A] guilty plea extinguishes the ability of a habeas petitioner to raise a claim regarding misconduct before a grand jury."); Hutchings v. Herbert, 260 F. Supp. 2d 571, 577 (W.D.N.Y. 2003) (Petitioner's "guilty plea cured any possible deficiency in the grand jury proceeding caused by his failure to testify there."); Ballard v. Costello, No. 01-CV-1000, 2001 U.S. Dist. LEXIS 18596, 2001 WL 1388297 at *2 (E.D.N.Y. Nov. 2, 2001) (Petitioner's "guilty pleas cured any possible deficiencies in the grand jury proceeding."); Jordan v. Dufrain, 98 Civ. 4166, 2003 U.S. Dist. LEXIS 5144, 2003 WL 1740439 at *3 (S.D.N.Y. Apr. 2, 2003) (Petitioner "admitted his guilt when he entered his guilty plea, and thus any errors in the grand jury proceedings were rendered harmless."); Lloyd v. Walker, 771 F. Supp. 570, 576-77 (E.D.N.Y. 1991) ("Having admitted to the factual basis of the charges against him upon entering a plea of guilty, any error in the proceeding which led to his indictment is, as Lopez v. Riley teaches, rendered harmless, and is not a cognizable claim in a federal habeas proceeding.").

Moreover, even if these claims were cognizable by this Court, they would still provide no basis for habeas relief insofar as they were waived by Petitioner's knowing, voluntary, and intelligent guilty plea (see Section "III, 2" below).  See Tollett v. Henderson, 411 U.S. 258, 267 (1973) (explaining that a defendant's properly counseled and entered plea of guilty admits all of the elements of a formal criminal charge and waives a multitude of federal constitutional rights).

Accordingly, grounds one and three of the petition are denied.

**2. Ground Two is Meritless**

In ground two of the petition, Petitioner argues, as he did in the state courts, that the trial court abused its discretion in denying his motion to withdraw his guilty plea.  In particular, he argues that he should have been permitted to withdraw his guilty plea because: (1) the waiver of the presentence report (which the Appellate Division determined was ineffective) had been a negotiated part of the plea bargain; and (2) because he is innocent and entered the plea under "psychological duress."  See Pet. ¶ 12, Ground Two; Reply at 5-8.  The Appellate Division, Fourth Department adjudicated this claim on the merits and, thus, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies.

Under AEDPA, the Court may award habeas relief only if the state court's adjudication of the merits of his federal claim was

"contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or amounted to an "unreasonable determination of the facts in light of the evidence presented in State court proceeding." 28 U.S.C. § 2254(d)(1)(2). Petitioner's claim fails under this standard.

Due process requires that a guilty plea be voluntary, as well as knowing and intelligent. See, e.g., Bousley v. United States, 523 U.S. 614, 618 (1998); Brady v. United States, 397 U.S. 742, 748 (1970). Petitioner's plea transcript demonstrates that he knowingly, voluntarily and intelligently pleaded guilty to the charge against him: he was advised of the possible penalty for his crime and the rights he would be giving up by pleading guilty; in response to the trial court's inquiry, he indicated that he had conferred with his attorney and that he wished to go forward with the guilty plea; he indicated that he was entering the guilty plea because he believed he was, in fact, guilty; and, he also made out a sufficient factual basis to the crime. P.M. 7, 9-10. Moreover, once a guilty plea is accepted by the court, there is "no absolute right" to withdraw it. Murray v. McGinnis, No. 00 Civ. 3510(RWS), 2001 U.S. Dist. LEXIS 108, 2001 WL 26213, at *4 (S.D.N.Y. Jan. 10, 2001) (citing U.S. ex rel. Scott v. Mancusi, 429 F.2d 104, 109 (2d Cir. 1970)); see also Thomas v. Senkowski, 968 F.Supp. 953, 956 (S.D.N.Y. 1997) ("With respect to a motion to withdraw a guilty

plea, the nature and extent of the fact-finding procedures requisite to the disposition of such motions rest largely in the discretion of the Judge to whom the motion is made.") (internal quotation marks and citations omitted). All that is required is that the court provide the defendant with a "reasonable opportunity to present his contentions." Id. Here, Petitioner was provided with such an opportunity. The record reflects that Petitioner presented his contentions to the trial court by way of a lengthy oral argument in support of his filed motion to withdraw the guilty plea. Petitioner stated to the trial court that "the inducement for [his] guilty plea centered on the ability of [the] court to waive the presentence report. This was an obligation that [the] [c]ourt could not fulfill." R.M. 6. Consequently, he argued that, under the circumstances, "he should not be allowed to proceed on his guilty plea and should be allowed to withdraw his plea." Id. at 7. Additionally, he stated, "I also contend that I am innocent of these charges and that I was under duress when I pled guilty."[3] Id. at 9. He went on to explain as follows:

> What I did was entirely stupid, irrationally and unknowing. I should never have pled guilty because the basis of which I pled guilty is because I was in love with a woman. I'm still in love with this woman and I wish to marry her. I wanted to stay in New York

---

[3] The Court notes that, apparently in support of this particular contention, Petitioner submitted a ten-page letter to the Court. R.M. at 9. The record reflects that the sentencing judge read said letter before imposing sentence. Id. at 16.

>           because I have a 60 year sentence to do in
>           Connecticut.  If I return to Connecticut I
>           will  be  placed  behind  glass,  non-contact
>           visits.  I will not be allowed any conjugal
>           visits.  It would be a marriage with a wall.
>           I will never be able to touch her, kiss her,
>           hold her hand, nothing.  I'll have to hear her
>           voice through  electronic means that are sent
>           to me over a phone.  There was no way in hell
>           that I was going to throw away an opportunity
>           to spend my life with her if I could.  The
>           unfortunate  fact  is  I  pled  guilty  and  the
>           stress was too much for both of us.

R.M. 10. After listening to Petitioner's argument, the trial court denied Petitioner's motion to withdraw his guilty plea. R.M. 11. Accordingly, the Court cannot find that the state court's adjudication of this claim contravened or unreasonably applied clearly established federal law, or, that it amounted to an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  See 28 U.S.C. § 2254(d)(1)(2).

Petitioner argues that he should have been permitted to withdraw his guilty plea because the waiver of the presentence report (which was found to be ineffective by the Appellate Division) had been a negotiated part of the plea bargain. See Pet. ¶ 12, Ground Two; Reply at 5-8.  This argument is unavailing insofar as there is no evidence in the record that suggests that the guilty plea was induced by an offer to waive said report. During the plea allocution, the trial court informed Petitioner that upon his entering of the guilty plea, he could receive an

indeterminate sentence of twenty-five years to life, but that the court had agreed to a commitment of fifteen years to life.  When asked if he understood this, Petitioner answered in the affirmative.  P.M. 9.  When asked if he had been promised anything by anyone else in order to get him to plead guilty, Petitioner answered in the negative.  Id.  After Petitioner entered his guilty plea, the trial court informed him that he was entitled to a presentence report, and asked Petitioner if he understood this, to which Petitioner responded in the affirmative.  Petitioner then indicated that he wished to waive the presentence report.  Id. Thereafter, the following colloquy occurred between the court, Petitioner, and Petitioner's attorney:

> The Court: You understand that the sentence of imprisonment has been agreed upon by all the parties and the court, 15 years to life as previously stated?
>
> The Defendant: Yes, sir.
>
> The Court: I understand that you have spent the last 15 years or more in prison and that nothing in personal background has changed that I am not already aware of, do you agree with that?
>
> The Defendant: Yes, sir.
>
> The Court: Okay.  The DA must file a statement designating you as a persistent violent felony offender.  If you are willing to waive the presentence report then we will sentence you this afternoon.  That's my

>                          understanding and is agreeable
>                          to you and your counsel.
>
> The Defendant: Yes, sir, it is.
>
> The Court:     Agreeable to you, counsel.
>
> Counsel:       If that's what my client wants,
>                Judge, I'm not allowed to take
>                a position contrary.

P.M. 12-13. Notably, at no point during these proceedings, did Petitioner express the contingency of his guilty plea upon his ability to waive the presentence report. The court then imposed sentence, as promised. P.M. 17-18. Subsequently, that sentence was vacated by the Appellate Division, Fourth Department and remitted to the Supreme Court, Erie County for resentencing. Prior to the resentencing, the prosecution filed a presentence report and a statement to sentence Petitioner as a persistent violent felony offender. At the resentencing, Petitioner moved to withdraw his guilty plea, arguing, in part, that he should be permitted to do so on the basis that the waiver was part of the negotiated plea deal. The trial court properly denied the motion, and resentenced Petitioner, once again, to an indeterminate term of fifteen years to life.

Petitioner also asserts that he should have been permitted to withdraw his guilty plea because he is innocent and entered the guilty plea under "psychological duress." See Pet. ¶ 12, Ground Two at 6. This argument fails insofar as Petitioner did not (and does not now) present factual evidence, or even a reasonable

argument, that he is innocent of the charges. Before the resentencing court, Petitioner argued that he entered the guilty plea only because, by doing so, he would be permitted to maintain physical proximity and contact with a female companion. R.M. 10. The self-inculpatory statements made by a defendant under oath at a plea hearing "carry a strong presumption of verity", and a court, in reviewing belated claims of innocence, must draw all permissible inferences in favor of the government and against the defendant. United States v. Maher, 108 F.3d 1513, 1530 (2d Cir. 1997) (quoting Blackledge v. Allison, 431 U.S. 63, 74 1977)). Moreover, a trial judge who addressed a defendant individually in taking a defendant's guilty plea, and had the opportunity to observe the defendant's demeanor and observe his or her credibility, is entitled to reject belated claims of innocence that contradict credible pleas of guilty. Maher, 108 F.3d at 1531; see also United States v. Lasky, 23 F. Supp. 2d 236, 243 (E.D.N.Y. 1998). Petitioner's post-plea claims of innocence and "psychological duress" directly contradict the statements that he made under oath at the guilty plea hearing in which he admitted to these crimes. It was not unreasonable, therefore, for the resentencing court -- which had addressed Petitioner individually in taking his guilty plea, and had the opportunity to observe his demeanor and observe his credibility -- to deny Petitioner's motion to withdraw his guilty plea. To this extent, the Court cannot find that the trial

court's denial of Petitioner's motion to withdraw his guilty plea, as affirmed by the Appellate Division, was contrary to or an unreasonable application of clearly established federal law. Nor can it be said that it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

Petitioner's claim is therefore denied.

## IV. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. No. 1) is denied, and the petition is dismissed. Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with

United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   February 8, 2012
         Rochester, New York